LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ., SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA  91356-3375
(818) 999-5553 / (818) 999-5570 - fax
mike@schulmanlawoffices.com

Attorneys for
ENHANCED RECOVERY COMPANY, LLC

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| HOWARD VANHOOZEN, | CASE NO.: |
| Plaintiff, | NOTICE OF REMOVAL |
| v. | |
| ENHANCED RECOVERY COMPANY, LLC; and DOES 1 through 10, inclusive, | |
| Defendant. | |

Defendant, Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1446, hereby files its Notice of Removal of this action from the Superior Court of the State of California, for the County of Kern, to the United States District Court for the Eastern District of California, Fresno Division, and shows the Court as follows:

1.      On April 6, 2017, Plaintiff, Howard Vanhoozen ("Plaintiff"), filed a civil action in the Superior Court of the State of California, for the County of Kern, styled *Howard Vanhoozen v. Enhanced Recovery Company, LLC; and Does 1 through 10 inclusive*, Case No.: BCL-17-011845.

2.     On May 4, 2017, the Summons and Complaint in the above-described civil action was served on ERC's Registered Agent in Los Angeles, California.  This Notice of Removal is being filed within thirty days of ERC's receipt of Plaintiff's Summons and Complaint and, therefore, pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely and proper.

3.     Additionally, pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the state court and known to have been served by, or upon ERC, are attached hereto as composite Exhibit "A."  ERC is not aware of any further proceeding in the above-described civil action.

4.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this civil action involves a federal question.

5.     Plaintiff alleges that ERC violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. ("RFDCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by, among other things, attempting to collect on a debt that Plaintiff was not obligated to pay, and causing a telephone to ring repeatedly or continuously to annoy the person called. The FDCPA and TCPA arise under the laws of the United States and, therefore, pursuant to 28 U.S.C. § 1441(a), the claim is removable to this Court.

6.     Additionally, Plaintiff's RFDCPA claims arise from the same set of alleged facts as his FDCPA claims and, therefore, pursuant to 28 U.S.C. §§ 1367, 1441(c), these state law claims are removable to this Court.  Accordingly, this case may be removed in its entirety.

7.     ERC will promptly file the Notice of Filing Notice of Removal attached hereto as Exhibit "B,"[1] with a copy of this Notice of Removal, in the Office of the Clerk of the Superior Court of the

---

[1] Omitted from Exhibit "B" is Exhibit "1" of the Notice of Filing, which consists of this Notice of Removal.

State of California, for the County of Kern, pursuant to 28 U.S.C. § 1446(d).  ERC will also promptly

provide a written copy of the Notice of Removal to Plaintiff.

     8.    ERC has complied with all conditions precedent to the removal of this action.

DATED:  June 2, 2017          LAW OFFICES OF MICHAEL D. SCHULMAN


By:_____
     MICHAEL D. SCHULMAN
     Attorneys for
     ENHANCED RECOVERY COMPANY, LLC

# EXHIBIT "A"

5/4/17 ④ 3PM

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO:)

ENHANCED RECOVERY COMPANY, LLC, and DOES 1 through 10, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE:)

HOWARD VANHOOZEN,

FILED
4/10/2017
Kern County Superior Court
Terry McNally
By Stephanie Sosa, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es:) Kern County Superior Court | CASE NUMBER: (Número del Caso:) BCL-17-011845 |
| --- | --- |

1415 Truxton Ave
Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
L. Paul Mankin (SBN 264038) 4655 Cass Street, Suite 112, San Diego, CA 92109 (800) 219-3577

| DATE: 4/10/2017 (Fecha) | TERRY MCNALLY | Clerk, by /S/ STEPHAIE SOSA | , Deputy |
| --- | --- | --- | --- |
| | | (Secretario) | (Adjunto) |

(For proof of service of this summons use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Enhanced Recovery Company, LLC

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☒ other (specify): CCP § 17061 (Limited Liability Company)
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass St., Ste. 112
San Diego, Ca 92109
800-219-3577
323-207-3885
pmankin@paulmankin.com
Attorney for Plaintiff

ELECTRONICALLY FILED
4/6/2017 3:40:14 PM
Kern County Superior Court
Terry McNally
By Stephanie Sosa, Deputy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KERN
LIMITED JURISDICTION

HOWARD VANHOOZEN,

Plaintiff,

vs.

ENHANCED RECOVERY COMPANY,
LLC, and DOES 1 through 10, inclusive,

Defendant(s).

Case No.:  BCL-17-011845

COMPLAINT AND DEMAND FOR
JURY TRIAL FOR:

1.  Violations of the Rosenthal Fair Debt
    Collection Practices Act [Cal. Civ.
    Code § 1788];
2.  Violations of the Fair Debt Collection
    Practices Act [15 U.S.C. § 1692]; and
3.  Violations of the Telephone Consumer
    Protection Act [47 U.S.C. § 227].

COMPLAINT FOR DAMAGES

INTRODUCTION

1.    Howard Vanhoozen ("Plaintiff") brings this action to secure redress from
Enhanced Recovery Company ("Defendant"), for violations of the Rosenthal Fair Debt
Collection Practices Act [CAL. CIV. CODE § 1788]; for violations of the Fair Debt Collection
Practices Act [15 U.S.C. § 1692]; and for violations of the Telephone Consumer Protection Act
[47 U.S.C. § 227]. Each of which prohibit debt collectors from engaging in abusive, deceptive,
and unfair practices.

- 1 -

COMPLAINT FOR DAMAGES

**PARTIES**

2.    Plaintiff Howard Vanhoozen ("Plaintiff"), a natural person who at all times herein mentioned was a resident of Kern County and the State of California.  Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h) and a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

3.    At all relevant times herein, Defendant, Enhanced Recovery Company, LLC, (hereinafter "Defendant"), was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f) and as a "debt" as defined by 15 U.S.C. §1692a(5).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c) and the FDCPA, 15 U.S.C. §1692a(6).

4.    Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5.    Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

**FACTUAL ALLEGATIONS**

6.    At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers (800) 875-5164.  At all times relevant to this action, Defendant called Plaintiff from, but not limited to the forgoing telephone numbers for the purpose of collecting the alleged debt.  Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -5467.

7.    Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person.

8.    This financial obligation was primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

- 2 -

COMPLAINT FOR DAMAGES

9.   Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency and pattern of Defendant's telephone calls to Plaintiff evidences Defendant's intent to harass Plaintiff.

10.   As an illustrative example (and not one of limitation) Defendant contacted or attempted to contact Plaintiff on March 13, 2017, after Plaintiff had told Defendant to stop contacting him.

11.   Defendant is attempting to collect an alleged debt that Plaintiff does not owe. On information and belief, Defendant is asking for someone else.

12.   Plaintiff has demanded that Defendant cease contacting him on multiple occasions. These demands notwithstanding, Defendant continued to contact or attempt to contact Plaintiff.

13.   The natural and probable consequences of Defendant's conduct in contacting Plaintiff were to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

14.   At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

15.   Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

16.   Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone, to the extent it ever existed, using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

17.   Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff.

- 3 -

COMPLAINT FOR DAMAGES

18.   At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

19.   Defendant is not a tax-exempt nonprofit organization.

20.   Defendant's violation of the TCPA was willful.  Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

## FIRST CAUSE OF ACTION
### (Violation of the RFDCPA, CAL. CIV. CODE § 1788)

20.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.   § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

22.   Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

a)   Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

b)   Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

c)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(2) by attempting to collect an amount not legally owed.

23.   Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24.   As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

//

- 4 -

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (Violation of the FDCPA, CAL. CIV. CODE § 1692)

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

      a)   Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

      b)   Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

      c)   Defendant violated 15 U.S.C. § 1692e(2) by attempting to collect an amount not legally owed; and

27.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

      a)   Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number

- 5 -

COMPLAINT FOR DAMAGES

assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32.    Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a), actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and

c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

- 6 -

COMPLAINT FOR DAMAGES

e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and 15 U.S.C. § 1692k(a)(3); and

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully, submitted this April 4, 2017

By: _____

L. Paul Mankin IV, Esq.
The Law Office of L. Paul Mankin
Attorney for Plaintiff

- 7 -

COMPLAINT FOR DAMAGES



<table>
<tr><td colspan="2"><strong>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br>BAKERSFIELD COURT<br>1415 TRUXTUN AVENUE<br>BAKERSFIELD CA 93301</strong></td><td>FOR COURT USE ONLY.<br><br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br><br>APRIL 18, 2017<br><br>TERRY MCNALLY, CLERK<br>BY <em>Yesenia Torres</em> DEPUTY</td></tr>
</table>

PLAINTIFF/PETITIONER:
HOWARD VANHOOZEN
DEFENDANT/RESPONDENT:
ENHANCED RECOVERY COMPANY, LLC

NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND
NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND
NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:

BCL-17-011845-LSE

By order of the presiding judge, the above entitled case is assigned to the Honorable Linda S. Etienne for all purposes. It will be managed on the direct calendar program in Bakersfield Department 12 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials LSE after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **July 24, 2017** in **Bakersfield Department 12** at **8:30 AM** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Linda S. Etienne on **October 10, 2017** at **8:30 AM** in **Bakersfield Department 12** of the above entitled court. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

<strong>NOTICE TO PLAINTIFF'S COUNSEL</strong>

**IMPORTANT:** You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).

<strong>NOTICE TO CROSS COMPLAINANT'S COUNSEL</strong>

**IMPORTANT:** If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

TERRY MCNALLY
CLERK OF THE SUPERIOR COURT

Date: April 18, 2017

By: _____ _Yesenia Torres_ _____
Yesenia Torres, Deputy Clerk

The Clerk of the Superior Court's office has received a civil complaint from you for filing.  Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Linda S. Etienne as monitoring judge.

Judge Linda S. Etienne has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 12. This will involve all cases in which the clerk has assigned the initials LSE to the complaint at the time of filing.  Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Judge Linda S. Etienne expects that all law and motion hearings to be heard by him/her be set within five (5) days of the earliest date that they may be heard, given mail notice of hearing.  **Law and motion matters must be reserved by going to the website address http://kerncourtlink.com for the Kern Courtlink Online Reservation System.  The website is available at any time.  You may calendar motions as scheduled below.  Ex-parte matters require pre-clearance.**

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named.  The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT.  Proper procedures must be complied with under California Rules of Court, Rule 3.670.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge Linda S. Etienne.  However, those cases that do not settle will be set for trial before him/her.

To confirm any hearing on calendar, for general questions regarding cases assigned to Judge Linda S. Etienne or to pre-clear an ex-parte hearing, contact the Direct Calendaring Clerk at 661-868-5470.  To check on tentative rulings from Judge Chapin or Judge Clark, go to the court's website address "http/www.kern.courts.ca.gov/", after 4:00 pm, and click on tentative rulings. Judge Lampe does not offer tentative rulings.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference report providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the report.

More than one party may join in the filing of a single report.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

# EXHIBIT "B"

LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ., SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA  91356-3375
(818) 999-5553 / (818) 999-5570 - fax
mike@schulmanlawoffices.com

Attorneys for
ENHANCED RECOVERY COMPANY, LLC

SUPERIOR COURT CALIFORNIA, COUNTY OF KERN

BAKERSFIELD COURTHOUSE, LIMITED CIVIL

| | |
|---|---|
| HOWARD VANHOOZEN,<br><br>        Plaintiff,<br><br>        v.<br><br>ENHANCED RECOVERY COMPANY, LLC;<br>and DOES 1 through 10, inclusive,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:  BCL-17-011845<br><br>NOTICE OF FILING NOTICE OF<br>REMOVAL |

PLEASE TAKE NOTICE that Defendant, Enhanced Recovery Company, LLC ("ERC"), has

on this date filed a Notice of Removal, a copy of which is attached as Exhibit "1,"[1] in the Office of

the Clerk of the Superior Court of the State of California, for the County of Kern.

ERC has given written notice of the filing of the Notice of Removal to Plaintiff, Howard

Vanhoozen, by notifying his counsel of record.  Pursuant to 28 U.S.C. § 1446(d), the above-styled

Civil Court action is now removed to the United States District Court for the Eastern District of

---

[1] Omitted from Exhibit "1" are Exhibits "A" and "B" of the Notice of Removal, which consists of the documents in this Court, as well as this Notice of Filing Notice of Removal.

California, Fresno Division, and all further proceedings in this Court are stayed unless and until the case is remanded.

DATED:  June 2, 2017                    LAW OFFICES OF MICHAEL D. SCHULMAN

By_____

MICHAEL D. SCHULMAN
Attorneys for
ENHANCED RECOVERY COMPANY, LLC

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

      I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA  91356-3375.

      On June 2, 2017, I served the document described as:  **NOTICE OF FILING NOTICE OF REMOVAL** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

L. Paul Mankin
The Law Office of L. Paul Mankin
4655 Cass Street, Suite 112
San Diego, CA  92109

 X  BY MAIL

      As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_  BY PERSONAL DELIVERY.

 X (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on June 2, 2017, at Tarzana, California.


    Yvette Montejo
      Print Name

                                    Signature

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA  91356-3375.

    On June 2, 2017, I served the document described as:  **NOTICE OF REMOVAL** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

L. Paul Mankin
The Law Office of L. Paul Mankin
4655 Cass Street, Suite 112
San Diego, CA  92109

  X  BY MAIL

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____  BY PERSONAL DELIVERY.

___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  X (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on June 2, 2017, at Tarzana, California.


_____Yvette Montejo_____                   _____
      Print Name                                Signature